[Civ. No. 13398.   Second Dist., Div. One.   Apr. 13, 1942.]

RICHARD VAN RENNES et al., Respondents, v. SOUTH-
ERN COUNTIES GAS COMPANY OF CALIFORNIA
(a Corporation), Appellant.

LeRoy M. Edwards and O. C. Sattinger for Appellant.

Frank Desimone and S. L. Kurland for Respondents.

YORK, P. J.—This is the second appeal in an action for damages for personal injuries sustained by Katie Van Rennes when she fell over a cement meter box maintained by the Southern Counties Gas Company.

At the conclusion of a jury trial on July 26, 1939, a verdict was returned in favor of plaintiffs Van Rennes. Thereafter, the trial court granted defendant gas company's motion for judgment notwithstanding the verdict, from which judgment the plaintiffs appealed. This court on May 19, 1941, reversed the judgment notwithstanding the verdict and directed the trial court to enter judgment pursuant to the verdict which had theretofore been rendered in favor of plaintiffs. (*Van Rennes* v. *Southern Counties Gas Co.*, 44 Cal. App. (2d) 880 [113 P. (2d) 238].) Accordingly, judgment on verdict in open court was entered on July 28, 1941, *nunc pro tunc* as of July 26, 1939.

Defendant's motion for a new trial having been denied on September 5, 1941, it prosecutes this appeal from the aforesaid judgment in favor of plaintiffs, contending that the court committed prejudicial error at the trial of said cause (1) in rejecting certain evidence offered by defendant, and (2) in giving and refusing to give certain instructions. It is also contended that the trial court erred in determining it had no discretion to do other than deny the motion for new trial which was made after filing of the remittitur on the first appeal.

For a statement of facts, the issues drawn by the pleadings and the evidence adduced in support thereof, reference is hereby made in the interest of brevity to the opinion of this court in *Van Rennes* v. *Southern Counties Gas Co., supra.*

Apparently in an attempt to establish that respondent Katie Van Rennes, through her former attorney, R. C. Dutton, following the accident had "represented the cause of the accident to be contrary to the contention made by her in her pleadings and proof," appellant made what it now claims was an offer of proof under the following circumstances:

"Mr. Van Rennes, did you have anything to do with hiring an attorney by the name of Dutton, in connection with this litigation?

"Mr. Desimone (attorney for respondents): I object to that as incompetent, irrelevant and immaterial. . . .

"The Court: What do you expect to show?

"Mr. Sattinger (attorney for appellant): I expect to show by testimony that we can produce that we received a letter

from an attorney named Dutton, of Anaheim, which letter sets forth in substance that claim is made against us because of the fact that our meter box, the edges of it, were higher than the surrounding soil; to- which I replied denying liability. I expect to show, also, that Mr. Dutton wrote that letter after conferring with Mrs. Van Rennes; and, further, that Mr. Dutton, if produced, would testify that the examination of the box was merely on that basis, the edges being higher than the dirt, and that in the summer of 1938 there was no break in the top of that box. I believe most of those matters are not privileged matters.

"The Court: Were those matters stated in a letter?

"Mr. Sattinger: No, not all those matters. I will be glad to produce the letter. The letter merely makes claim on account of the box being higher than the surrounding soil. There is no claim that there was any hole in the top of the box at the time of the accident. . . .

"The Court: In view of counsel's statement in his offer of proof, the objection is sustained."

Mr. Dutton was later produced as a witness and testified that he was a lawyer, was generally familiar with the situs of the accident, having formerly lived at Buena Park, and that he saw no holes in the meter box when he passed by the place in his automobile. No questions were asked with respect to his employment as an attorney by Katie Van Rennes or her husband, nor was he interrogated as to any of the matters contained in appellant's so-called "offer of proof." No objections were made to any of the questions put to the witness Dutton, and the letter purportedly written by him was not produced. Moreover, respondent Katie Van Rennes was not questioned concerning any of the matters referred to in the said offer of proof.

Whether, instead of the top of the meter box being broken, said box stood up above the soil surrounding it, would not necessarily affect the jury's ultimate conclusion that said meter box was negligently maintained by appellant, hence no error resulted through the ruling of the court rejecting the evidence referred to.

Likewise, no error resulted from the court's ruling sustaining respondents' objection to the question asked of a claimed expert as to whether it would require a blow of some force in order to cause the breaks which appeared in the photographs of the meter box produced at the trial herein. In sustaining said objection, the court properly ruled that the question

at issue was not the *cause* of the breaking of the lid of the meter box, but the *condition* of the lid on May 20, 1938, the day on which respondent Katie Van Rennes was injured.

An examination of the instructions given by the trial court reveals that the jury was fully and impartially informed of the law applicable to the facts presented by the evidence. An examination of the proferred instructions of appellant which were refused by the court discloses that the subject matter thereof was properly given and substantially covered in other instructions. The trial court's refusal to give the requested instructions was not prejudicial error. "For a reversal to be ordered on account of errors committed in the giving or refusing of instructions to the jury, it must affirmatively appear, and the court must affirmatively be of the opinion that there has been a miscarriage of justice." (*Haney* v. *Takakura*, 2 Cal. App. (2d) 1, 9 [37 P. (2d) 170].)

As to appellant's final contention, there is nothing in the record which shows that the trial court determined it had no discretion to do other than deny the motion for new trial which was made after the decision of this court on the first appeal. It is settled that a motion for a new trial is to a great extent addressed to the sound legal discretion of the court to which the application is made, and that its action, either in granting or refusing a new trial, is conclusive and will not be disturbed, in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied May 4, 1942, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1942.